IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  8:02CR76 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ELVIA RIOS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 243) and the Motion to Appoint Counsel (Filing No. 244) filed by the Defendant, Elvia Rios.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.  If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.  Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

## FACTUAL BACKGROUND

After a jury trial, Rios was found guilty of a one-count Indictment charging her with possessing more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1).  Rios was sentenced to 120 months imprisonment and 5 years supervised release.  Rios filed a direct appeal, and the Eighth Circuit Court of Appeals affirmed.  Rios argues: 1) she is entitled to relief under *United States v. Booker,* 125 S. Ct. 738 (2005), which she

argues is retroactive; and 2) she received ineffective assistance of counsel and was deprived of her Sixth Amendment rights. The issues are discussed below.

## DISCUSSION

### *Alleged* Booker *Errors*

To the extent that Rios's arguments are based on *Booker,* decided on January 12, 2005, the claims are denied because her conviction was final before the *Booker* decision was announced. *Never Misses A Shot v. United States,* 413 F.3d 781, 783 (8th Cir. 2005).

For this reason, the claim is denied and no response from the government is required.

### *Ineffective Assistance of Counsel*

Rios argues that she was deprived of her Sixth Amendment right to effective counsel, primarily because counsel allegedly: did not explain to her the consequences of going to trial; and did not read her the Presentence Investigation Report ("PSR").

With respect to the PSR, Rios's lengthy motion and accompanying brief contain many inconsistencies and assertions that do not relate to her case. Rios argues that had she seen the PSR and asked for input, she never would have gone to "trial." On the other hand, Rios also argues: the PSR includes many factual inaccuracies relating to, among other things, criminal history; and she disagreed with numerous issues and asked counsel to pursue those issues to no avail. The Court notes that Rios has no criminal history according to her PSR. Also, at sentencing the Court asked Rios directly if she had the PSR read to her in Spanish. Rios stated that this was not done, but that she had read the PSR in English and understood its contents. (Filing No. 201, TR at 3.) Therefore, the

claim is denied and no response from the government is required with respect to this portion of the claim.

However, the government will be required to answer only the portion of the ineffective assistance claim stating that counsel did not explain the consequences of going to trial to Rios. In addition to any other matters discussed in the answer, the United States shall address whether this claim is barred, for example by procedural default, waiver, and/or untimeliness.

## CONCLUSION

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to the portion of her ineffective assistance of counsel claim relating to the PSR or to her *Booker* claim. Those claims are denied. However, the government is required to answer the remainder of the ineffective assistance of counsel claim as discussed above.

IT IS ORDERED:

1. The court has completed initial review of the defendant's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 243);

2. By October 19, 2005, the United States shall answer the ineffective assistance of counsel claim as discussed above, the summary dismissal of which is not required, and the answer shall be supported by a brief;

3. The remainder of the ineffective assistance of counsel claim and the *Booker* claim are summarily dismissed;

4. By November 21, 2005, the Defendant may file a reply brief;

5.	The Defendant's Motion to Appoint Counsel (Filing No. 244) is held in abeyance;

6.	The three-day mailing rule does not apply to the deadlines stated above; and

7.	The Clerk shall mail a copy of this Memorandum Order to the Defendant at her last-known address.

DATED this 19th day of September, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge