## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 8:02CR76 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| ELVIA RIOS, | |
| Defendant. | |

This matter is before the Court on the "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Filing No. 243), and defendant's Motion to Appoint Counsel (Filing No. 244) filed by the defendant Elvia Rios. The Court has also considered the governments Answer Filing No. 254.

### FACTUAL BACKGROUND

A jury found Rios guilty of a one-count Indictment charging her with possessing more than 5 kilograms of a mixture or substance containing a detectable amount of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1). The court sentenced Rios to 120 months imprisonment and five years supervised release. Rios filed a direct appeal and the Eighth Circuit Court of Appeals affirmed. Upon initial review of defendant's § 2255 motion, this court summarily dismissed her claims that she is entitled to relief: (1) under United States v. Booker, 125 S. Ct. 738 (2005); and (2) because she received ineffective assistance of counsel based on her attorney's failure to read her the Presentence Investigation Report (PSR). The court ordered the government to answer defendant's remaining claim that she received ineffective assistance of counsel because her counsel failed to explain the consequences of going to trial. In response to defendant's allegation, defense counsel filed an affidavit stating that it was his recommendation to

defendant that in order to obtain a lighter sentence, she should plead guilty if in fact she was guilty. (Filing No. 253 ¶ 5). Furthermore, defense counsel stated that Rios' position "before, during and after trial was that she was always innocent of the charges." (Filing No. 253 ¶ 6).

## DISCUSSION

The Sixth Amendment to the United States Constitution guarantees that an accused shall have "the assistance of counsel for his defense." U.S. Const. amend. VI.

Ineffective assistance of counsel claims are analyzed under the framework described in *Strickland v. Washington,* 466 U.S. 668 (1984). Under this framework, Rios has the burden of proving: 1) deficient performance on behalf of counsel, demonstrated by a showing that his attorney's performance fell "below the minimum standards of professional competence" and 2) prejudice, by showing a "reasonable probability that the result of the proceedings would have been different" had his attorney performed "competently." *Alaniz v. United States,* 351 F.3d 365, 367 (8th Cir. 2003) (citing *Strickland,* 466 U.S. at 690). Moreover, Rios must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689.

Here, Rios' self-serving statements that counsel forced her to proceed to trial without explaining the consequences of this decision are insufficient to prove that her counsel's performance fell below the minimum standards of professional competence. Defense counsel's affidavit directly contradicts defendant's contentions. And in fact, the record indicates that defendant professed her innocence throughout the proceedings.

For the reasons stated above, defendant has failed to establish any basis for characterizing her attorney's actions as ineffective.

IT IS ORDERED:

1. Defendant's "Motion to Vacate, Set Aside, or Correct Sentence Motion under 28 U.S.C. § 2255" (Filing No. 243) is denied;

2. Defendant's Motion to Appoint Counsel (Filing No. 244) is denied;

3. A separate Judgment will be issued; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

DATED this 16th day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge